UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES HESS, et al.,

    Plaintiffs,

    v.

BIOMET, INC., et al.,

    Defendants.

Case No. 3:16-CV-208 JD

## OPINION AND ORDER

This case is set for trial on Plaintiffs' breach of contract claims. The parties dispute the meaning of the contractual provision that entitles Plaintiffs to commission payments on the basis of sales "within the distributorship at the time" of Plaintiffs' retirements. In particular they disagree whether the phrase "within the subject distributorship" refers only to the geographic territory of the distributorship, or both the geographic territory and the product lines subject to the distributorship. Previously the Court denied the parties' cross-motions for summary judgment, finding that the term was ambiguous and requiring a jury trial.

Plaintiffs have moved for inclusion of a jury instruction that directs the jurors to construe the contested contractual provision against the drafter, if they are otherwise unable to discern the parties' intentions at the time of signing the contracts. Plaintiffs submit that such instruction is necessary and required by Indiana law, but Defendants argue to the contrary. While the law on this issue is not spelled out, Plaintiffs appear to have the better argument, especially given that the cases Defendants rely on have either been vacated, misinterpret the precedent, or concern the law of other jurisdictions.

"Courts are required to give effect to parties' contracts and to do so, courts look to the words of a contract. . . . When there is ambiguity in a contract, it is construed against its drafter." *MPACT Const. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 910 (Ind. 2004). The logic behind the rule is that the drafter knows best what each contractual provision means, especially if the contract is standardized:

> Where one party chooses the terms of a contract, he is likely to provide more carefully for the protection of his own interests than for those of the other party. He is also more likely than the other party to have reason to know of uncertainties of meaning. Indeed, he may leave meaning deliberately obscure, intending to decide at a later date what meaning to assert. In cases of doubt, therefore, so long as other factors are not decisive, there is substantial reason for preferring the meaning of the other party. The rule is often invoked in cases of standardized contracts and in cases where the drafting party has the stronger bargaining position, but it is not limited to such cases. It is in strictness a rule of legal effect, sometimes called construction, as well as interpretation: its operation depends on the positions of the parties as they appear in litigation, and sometimes the result is hard to distinguish from a denial of effect to an unconscionable clause.

Restatement (Second) of Contracts § 206.

However, most jurisdictions have an exception to this rule when sophisticated parties are involved. *See Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002) ("The agreement was drafted by Beanstalk, but this fact has little interpretive significance since AM General is a commercially sophisticated party represented by counsel. Most courts now agree with this exception to the principle that contracts are to be construed against the party that drafted it."). Yet, in Indiana there appears to be no such exception. *See id.* ("Indiana has yet to take a stand on the exception, though the only case from Indiana that we can find which bears on it, *Nationwide Mutual Ins. Co. v. Neville,* 434 N.E.2d 585, 599 (Ind. App. 1982), leans in favor of rejecting it."); *see also Celadon Trucking Servs., Inc. v. Wilmoth*, 70 N.E.3d 833, 839 (Ind. Ct. App. 2017) ("An ambiguous contract should be construed against the party who furnished and drafted the agreement."); *Rogers v. Lockard*, 767 N.E.2d 982, 990 (Ind. Ct. App. 2002) ("An

2

ambiguous contract should be construed against the party who drafted it."). Nevertheless, the courts appear to treat the *contra proferentem* rule as a rule of last resort. *See Baker v. Am.'s Mortg. Servicing, Inc.*, 58 F.3d 321, 327 (7th Cir. 1995) ("However, this canon of construction (contra proferentem) is a rule of last resort, a "tie-breaker" of sorts, that comes into play only when neither the extrinsic evidence nor other methods of construction can resolve the ambiguity."); *Bradley v. W. & S. Fin. Grp.*, No. 2:05 CV 39, 2005 WL 2709282, at *7 (N.D. Ind. Oct. 20, 2005) ("However, '[i]t is law of long standing that such a rule comes into play only when all other rules fail.'" (citing *Ind.-Ky. Elec. Corp. v. Green,* 476 N.E.2d 141, 146 (Ind. Ct. App. 1985) (citing *Falley v. Giles,* 29 Ind. 114 (1867)). Understandably so since it is the rule not so much of interpretation but of policy of picking a winner when all else fails.

    Defendants, on the other hand, claim that Indiana has no such rule, especially when all parties to the contract are sophisticated. They argue that giving a *contra proferentem* instruction would "deny the jury the opportunity to weigh the evidence and determine the meaning of the ambiguous contract terms." (Def.'s Rep. Br., DE 351 at 1.) Yet Defendants have not backed up their argument by any substantial authority. That is not to say that they don't cite any cases; rather, the cases they cite are inapplicable. For example, Defendants repeatedly cite in support of their argument a magistrate judge's opinion from the Southern District of Indiana, *Atlantic Specialty Ins. Co. v. Anthem, Inc.*, No. 1:19-cv-3589, 2020 WL 509171, at *8 (S.D. Ind. Jan. 31, 2020), but that decision has been set aside by the district judge in *Atl. Specialty Ins. Co. v. Anthem, Inc.*, No. 1:19-cv 3589, 2020 WL 2526000, at *1 (S.D. Ind. May 18, 2020).[1] Similarly, they cite to *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633 (7th Cir. 1991), but that case dealt with Ohio law. *See id* at 635 ("This diversity case presents a

---

[1] Defendants' brief does not point out that the magistrate judge's decision has been set aside.

question of Ohio law."). Next they cite two district cases from Indiana, *MDG Int'l, Inc. v. Australian Gold, Inc.*, 606 F. Supp. 2d 926, 937 (S.D. Ind. 2009), and *Burkhart Advert., Inc. v. Lowe's Home Ctr., Inc.*, 202 F. Supp. 2d 809, 814 (N.D. Ind. 2002), but both of them passingly misconstrue *Beanstalk Group*, as if Judge Posner, who authored the opinion didn't write beyond the first line of the paragraph cited above.[2] Rather, he finished the paragraph by recognizing that "Indiana has yet to take a stand on the exception, though the only case from Indiana that we can find which bears on it, *Nationwide Mutual Ins. Co. v. Neville,* 434 N.E.2d 585, 599 (Ind. App. 1982), leans in favor of rejecting it." *Beanstalk,* 283 F.3d at 858. Finally, Defendants rely on *Northstar Partners v. Marsh Supermarkets, LLC*, No. 1:03-cv-127, 2004 WL 1784903, at *3 (S.D. Ind. Aug. 2, 2004), but the court there found no need to resort to the *contra proferentem* rule because the contract wasn't ambiguous. *See id.* ("Accordingly, the court disregards the parol evidence offered to explain the written lease, as well as the principle that ambiguities in the contract should be construed against the drafter."). And although Defendants cite several other cases, none of them are on point. In other words, Defendants have not rebutted the existing Indiana Law concerning the *contra proferentem* rule.

As a result, the Court will give the *contra proferentem* jury instruction, but one that is more succinct than offered by Plaintiffs. The instruction will be as follows:

> In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the words, or you believe that Plaintiffs' and Defendant's proposed meanings of the disputed words are equally reasonable, then, and only as a last resort, you should interpret the contract against the party that drafted the disputed words.[3]

---

[2] He states: "The agreement was drafted by Beanstalk, but this fact has little significance since AM General is a commercially sophisticated party represented by counsel." *Beanstalk*, 283 F.3d at 858.

[3] This instruction is based on a California Pattern Instruction.

4

This instruction informs the jury that the *contra proferentem* rule is to be used, if at all, only as a matter of last resort. It restates the law in Indiana, and the Court is confident that the jury will follow it. *United States v. Jones*, 248 F.3d 671, 676 (7th Cir. 2001) ("We assume that juries follow a court's instructions . . ..."). Furthermore, although Indiana law appears to make no exception for sophisticated parties, there's no evidence so far that any of the Plaintiffs could be considered a sophisticated party.

For these reasons, the Court GRANTS in-part Plaintiffs' Motion to include a *contra proferentem* instruction (DE 350).

SO ORDERED.

ENTERED: July 20, 2021

          /s/ JON E. DEGUILIO
Chief Judge
United States District Court