UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES HESS, et al., | |
| Plaintiffs, | |
| v. | Case No. 3:16-CV-208 JD |
| BIOMET, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

On June 28, 2022, this Court issued an opinion in which it denied a motion for judgment as a matter of law brought by Defendants Biomet, Inc. and Zimmer Biomet Holdings, Inc. (collectively, the "Defendants"). The Court also awarded prejudgment interest to Plaintiffs Charles Hess, Marty Higgins, Robert "Glen" McCormick, Ronald Papa, Al Tornquist, and Frank Shera (collectively, the "Plaintiffs"). In that order, the Court found that the Defendants owed "prejudgment interest to Plaintiffs in line [with Plaintiffs' expert] Mr. Soward's computations through October 20, 2021 . . . ." (DE 404 at 38.) The Court also held that the Defendants were required to pay "prejudgment interest on sales of products accruing after October 20, 2021, and on the sales of those products." (*Id.*) Finally, the Court advised Plaintiffs' expert Mr. Sowards to "supplement his calculations to include all interest accruing through the entry of final judgment." (*Id.*)

Such an order necessitated that the Defendants provide Plaintiffs with updated damages calculations for sales accruing after October 20, 2021. According to Plaintiffs, Defendants produced a spreadsheet which included updated data up to August 2, 2022. (DE 406 at 38.) However, Plaintiffs have requested that Defendants produce a corporate representative to testify,

pursuant to Rule 30(b)(6), on details surrounding the data. (*Id.* at 2.) Plaintiffs assert that such a deposition is necessary to verify the "completeness and accuracy of the required damages and interest supplement" and to ensure that Plaintiffs' expert correctly interprets the data. (*Id.*) Plaintiffs reached out to Defendants regarding a corporate deposition pursuant to Fed. R. Civ. P. Rule 37, but the Defendants refused Plaintiffs' request, prompting Plaintiffs to file a motion to compel. (DE 401 at 1; DE 407.) Defendants responded to this motion to compel, and Plaintiffs have replied, making the motion ripe for review.

    Plaintiffs argue that a deposition is necessary in order to understand the nature of the spreadsheet that Defendants have provided. The Court agrees. Plaintiffs are not required to take the data presented by Defendants at face value and are entitled to verify that the information is based on valid inputs. *See Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, No. 2:10-CV-00014-GMN, 2013 WL 4101811, at *9 (D. Nev. Aug. 13, 2013) ("Elan was entitled to question a fully-educated Rule 30(b)(6) designee of the corporation concerning such issues as the manner in which the documents were produced, the method used to compile the data, the underlying data relied upon, the accuracy of the information, and whether the accuracy of the information was verified, and if so, by whom.") Even though the Defendants offer in the alternative to "provide a sworn declaration (DE 408 at 2), depositions are often favored because it allows a party to obtain more complete information. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) ("Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored.").

    The Defendants arguments against giving such a deposition are unconvincing. First, Defendants argue that Plaintiffs' allegations of re-branding have no merit and cannot be raised

now. (DE 408 at 2.) However, Plaintiffs never raise such an argument in their motion, but merely seek to verify the data provided by the Defendants.

Second, Defendants argue that the procedural posture precludes this type of discovery because it has long since closed. Defendants assert that they are "not aware of any authority which speaks specifically to discovery conducted between the verdict and judgment[.]" (DE 408 at 5.) However, the Court is aware of such authority. Generally, a Court "retains . . . jurisdiction for all purposes including the awarding of all damages accruing up to the date of judgment." *Calhoun v. United States*, 354 F.2d 337, 339 (Ct. Cl. 1965); *Rea v. Ford Motor Co.*, 560 F.2d 554, 557 (3d Cir. 1977) ("[I]n general, a court has the power to award damages occurring up to the date of the ultimate judgment in the case" under its "ordinary powers."). Pursuant to this ordinary power, a court may "permit discovery to determine those damages until the" date of final judgment. *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 526 (10th Cir. 1987). Under this power, our sister courts have allowed post-trial discovery in order to submit an "updated damages report*." Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 323 F. Supp. 3d 1071, 1081 (W.D. Wis. 2018) (allowing post-trial discovery and advising that such "discovery should provide plaintiffs the information needed to submit an updated damages report consistent with this opinion."). Because discovery in this circumstance is clearly justified in order to allow Plaintiffs an opportunity to verify Defendants' data, the Court grants Plaintiffs motion to compel.

Accordingly, the Court orders the Defendants to produce a corporate representative to testify on the following topics:

1. The identity of the person(s) who compiled the sales data provided by Zimmer Biomet;

2. The methods and process used to collect the relevant data;

3. The decision to include, or exclude, particular sales in the categories provided and the guidelines, parameters or criteria for that determination;

4. Whether anyone verified the data (and if so, who and how); and

5. To the extent Zimmer Biomet denies manipulating sales data to reduce Plaintiffs' retirement commissions, the basis for that denial, including any explanation it offers for the reduction in reported sales of Biomet orthopedic, trauma, and sports-medicine.

Plaintiffs have offered to limit their deposition to "no more than three hours." (DE 409 at 2.) Therefore, within 28 days of this order, the Court orders that the Defendants must submit to a deposition under Rule 30(b)(6) of no more than three hours on these topics. *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 323 F. Supp. 3d 1071, 1081 (W.D. Wis. 2018) (granting a post-trial motion for discovery and order defendants to submit to a deposition under Rule 30(b)(6) within 14 days of producing certain documents). Additionally, the Court rescinds the brightline entered in this case and refers further issues of discovery to the Honorable Michael G. Gotsch, Sr., United States Magistrate Judge.

SO ORDERED.

ENTERED: November 1, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court